UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00106-FDW

| | |
|---|---|
| JON NATHANIEL CROWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JASON E. SMITH, Tribal ) | |
| Prosecutor; KIRK SAUNOOKE, ) | |
| Tribal Judge, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of the pro se complaint which Plaintiff filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

I. BACKGROUND

According to the complaint, Plaintiff was convicted in the Cherokee Tribal Court in the Western District of North Carolina on undisclosed charges. Plaintiff alleges that he reached a plea deal with Defendant Smith on January 6, 2015, which required that he serve four years in the Federal Bureau of Prisons (BOP). Defendant Saunooke approved the deal and ordered that Plaintiff be transferred to the BOP following the entry of his sentence. Plaintiff is presently detained as a prisoner in the "EBCI Detention Centers." (1:15-cv-00106, Doc. No. 1: Compl. at 3).

II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

1

governmental entity." During this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2).

Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

In his claim for relief, Plaintiff is pleading for an injunction which would order the terms of his plea agreement to be enforced. Namely, Plaintiff is seeking an order requiring his transfer to the Bureau of Prisons or a reduction to 85% of his imposed sentence that he contends he would be entitled to if he were serving his time within the walls of a Bureau of Prisons facility. This is therefore an action that challenges the execution of his sentence, and the proper court to adjudicate plaintiff's claim for relief is the Cherokee Tribal Court that entered the judgment.

In any event, actions under § 1983 are reserved for violations of federal or constitutional law by individuals that are "acting under color of state law." Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). It is beyond question that neither of the defendants are state actors; therefore Plaintiff's complaint will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 23, 2015

Frank D. Whitney
Chief United States District Judge